MINUTE ENTRY
KNOWLES, M.J.
NOVEMBER 3, 2010

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KENNETH DUFRENE**                                             CIVIL ACTION

**VERSUS**                                                      NO. 10-864

**HARBOR TOWING AND FLEETING, INC.**                            SECTION "I" (3)

On this date, plaintiff's Motion to Quash Deposition [Doc. #16] came on for oral hearing before the undersigned. Present were Darleen Jacobs on behalf of plaintiff and Jefferson Tillery and Marc Hebert on behalf of defendant. For the reasons stated on the record and below,

**IT IS ORDERED** that the Motion to Quash Deposition [Doc. #16] is DENIED, in that the Court will allow defendant to propound limited interrogatories on plaintiff's former counsel, Joseph Harvin, as outlined below.

Plaintiff seeks to quash the deposition of his former attorney in this suit, Joseph Harvin, who represented plaintiff for approximately two weeks. During that time, Harvin communicated with the defendant for the purpose of instituting maintenance and cure benefits. In the e-mail from Harvin to defendant, attached to defendant's memorandum in opposition, Harvin admitted, with the alleged consent of plaintiff, that plaintiff never reported the accident to defendant, that he told the

MJSTAR(00:06)

captain that he was leaving because he did not feel well, that he had had similar symptoms earlier, and that he did not relate his injury to a specific event or trauma.  Plaintiff seeks to quash the deposition on the grounds of the attorney-client and work-product privileges.

Under federal law, the attorney-client privilege may be invoked when there is "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2nd Cir. 1996).  The disclosure of "any significant portion of a confidential communication waives the privilege as to the whole." *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999).  A voluntary disclosure of information that is inconsistent with the confidential nature of the attorney-client relationship waives the privilege. *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993).  A waiver of attorney-client privilege as to a particular communication extends to all other communications relating to the same subject matter.  *In re Grand Jury Subpoena (Zerendow)*, 925 F. Supp. 849, 855 (D. Mass. 1995) (citing *In re Sealed Case*, 877 F .2d 976, 980-81 (D.C. Cir. 1989)).  Here, Harvin admitted, with the alleged consent of plaintiff, that plaintiff never reported the accident to defendant, that he told the captain that he was leaving because he did not feel well, that he had had similar symptoms earlier, and that he did not relate his injury to a specific event or trauma.  Accordingly, plaintiff has waived the privilege as to these four discrete areas of inquiry.

The Fifth Circuit has held that the "mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege."  *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 379 (5th Cir. 1989) (citations omitted).  Notwithstanding this law, however, plaintiff has wholly failed to meet his burden to demonstrate that the communications here arose in anticipation of litigation.

Given defense counsel's representation at the oral hearing - that few questions actually need be asked of Harvin - the Court finds that a deposition is premature at this time. The Court will allow defendant to propound limited interrogatories on Harvin, but such interrogatories shall address only the facts and statements in Harvin's e-mail to defendant (attached to defendant's memorandum in opposition).

Should defendant dispute the responses that it receives from plaintiff, defendant shall contact the Court, and the Court will schedule a discovery conference to resolve the dispute.

**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**